**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| C.B., | : | Civil Action No. 24-8566 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

  This matter comes before the Court on the appeal by Plaintiff C.B. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded for further proceedings.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 1, 2020. A hearing was held before ALJ Lori Romeo (the "ALJ") on June 21, 2023, and the ALJ issued an unfavorable decision on October 24, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 24, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform work at all exertional levels, with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff has no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at step four, the ALJ failed to properly evaluate the persuasiveness of the opinions of Dr. Srinivasan and NP Marseille under 20 C.F.R. § 404.1520c; and 2) the RFC determination at step four does not meet the requirements stated by the Third Circuit in Hess. The Court finds that the ALJ's decision does not contain sufficient explanation to allow meaningful judicial review of the issues raised by Plaintiff's Hess argument.

Plaintiff argues that the ALJ's decision does not meet the requirements stated by the Third Circuit in Hess v. Comm'r Soc. Sec., 931 F.3d 198, 210 (3d Cir. 2019). In Hess, the Third Circuit held: "as long as the ALJ offers a 'valid explanation,' a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'" Id. at 211. Plaintiff argues that, in the instant case, at step three, the ALJ determined that Plaintiff has moderate difficulties in "concentrating, persisting or maintaining pace" (Tr. 23), and, at step four, determined that Plaintiff retains the residual functional capacity to "understand,

2

remember, and carry out only simple instructions" (Tr. 23).   Plaintiff contends that the facts of this case are similar enough to those of Hess that the holding of Hess applies, and that the ALJ was therefore required to provide a valid explanation for the "simple instructions" limitation in the RFC.   Hess, 931 F.3d at 211.   In opposition, the Commissioner agrees that Hess applies to this case, but argues that the ALJ provided the valid explanation required by Hess.

In short, this Court finds that the ALJ's decision does not contain sufficient explanation or development of the record to permit meaningful judicial review to determine whether or not the requirements of Hess have been satisfied.   In Hess, the district court had reversed the ALJ's decision, but the Third Circuit held that the district court had erred, largely because "it is essential to assess whether a valid explanation has been given for an ALJ's statement of a claimant's limitation to 'simple tasks.'"   Id. at 213.   The Third Circuit made this assessment, addressing the question of whether or not the ALJ's decision provided a valid explanation for using a "simple tasks" limitation in the RFC after finding moderate difficulties in "concentration, persistence, or pace" at step three.   Id. at 211.   The Third Circuit explained its principal concern as follows:

> In short, the functional limitation findings [found at step three] do not dictate the terms of the ALJ's statement of the claimant's limitation in the final analytical steps. But those findings are relevant to that statement of the limitation, *which must be sufficient to reflect all of a claimant's impairments*.

Id. at 210 (italics added).   This is the concern that animates the "valid explanation" inquiry: the ALJ must provide the basis for determining that the limitation in the RFC formulation sufficiently reflects the full scope of the claimant's impairments in concentration, persistence, or pace.

In Hess, the Third Circuit examined the ALJ's decision and applied this inquiry, and, in

3

short, found that "the ALJ explained at length and with sound reasoning why Hess's 'moderate' difficulties in 'concentration, persistence, or pace' were not so significant that Hess was incapable of performing 'simple tasks.'" Id. at 213. In other words, the Third Circuit found a valid explanation where the ALJ had explained the basis for the conclusion that the limitation in the RFC ("simple tasks") sufficiently reflected the claimant's difficulties with concentration, persistence, or pace.

In the instant case, the ALJ did not use a "simple tasks" limitation in the RFC, but instead wrote: "Additionally, claimant can understand, remember, and carry out only simple instructions." (Tr. 23.) The question for this Court then, applying the Hess inquiry, is whether the ALJ explained why this limitation to work with simple instructions sufficiently reflects the full scope of the moderate difficulties in concentration, persistence, or pace that were found at step three.

The Court finds that it is not presently able to resolve the parties' dispute regarding Hess because the ALJ did not sufficiently explain her findings at step three. In essence, the Hess inquiry asks the Court to look to the finding of moderate difficulties in concentration, persistence, or pace at step three, and then to check that the limitations in the RFC are "sufficient to reflect all of a claimant's impairments." To perform this task, the Court needs to ascertain what exactly the ALJ found at step three. At step three, here is the ALJ's entire statement on this subject:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. Through his counsel, claimant asserted that he is unable to make simple work-related decisions (Exhibit 14E at 2). There is evidence of marginal reading, writing and math skills, but claimant works at a restaurant as a greeter two days per week and drives himself to work (Hearing testimony). Also, upon testing claimant was oriented in three spheres. He could spell words forward but not backward and perform simple counting. Mr. Berens recalled four digits forward on the first trial and was not able to perform the task of digit span

>  backwards. Mr. Berens was able to repeat the three adjective-object pairs on the third trial and recalled two adjective-object pairs and one other object without the adjective after five minutes. (Exhibit 7F).

(Tr. 23.)   The Court cannot sufficiently ascertain from this paragraph just how the claimant is limited in the area of concentration, persistence, or maintaining pace.  In <u>Burnett</u>, the Third Circuit held that an ALJ's "bare conclusion is beyond meaningful judicial review."  <u>Burnett v. Comm'r of SSA</u>, 220 F.3d 112, 119 (3d Cir. 2000).   Here, although the ALJ wrote a paragraph, that paragraph begins with a conclusory statement that lacks explanation connecting it to the rest of the paragraph, which is largely a review of pieces of evidence.   Because the Court cannot clearly ascertain what limitations the ALJ found at step three, it cannot determine whether the RFC at step four sufficiently reflects all of the claimant's impairments, as required by <u>Hess</u>.

Plaintiff makes a more-than-colorable case that the RFC does not sufficiently reflect the full scope of the claimant's limitations in the area of concentration, persistence, or maintaining pace.  In short, Plaintiff makes the point that the fact that he works about 8 hours each week without a problem does not mean that he can do that full-time.   The record contains evidence that supports Plaintiff's contention that he cannot do so.   The ALJ reported that NP Marseille opined that "the claimant cannot maintain concentration for extended periods of time."   (Tr. 28.) On a form, NP Marseille rated Plaintiff's ability to "maintain attention and concentration for extended periods" as "unable to meet competitive standards."   (Tr. 633.)   Dr. Srinivasan wrote: "can work with limited capacities, hours, extra supervision."   (Tr. 648.)

The most concerning evidence, however, comes from the agency reviewing physicians. Both reviewing physicians opined that Plaintiff had a moderate limitation in the area of concentrating, persisting, or maintaining pace (Tr. 90, 101) as well as moderate limitations in

5

these areas related to "sustained concentration and persistence limitations:"

- The ability to maintain attention and concentration for extended periods
- The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances
- The ability to sustain an ordinary routine without special supervision
- The ability to work in coordination with or in proximity to others without being distracted by them
- The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods

(Tr. 93, 104.)   In short, it does not appear that any medical source expressed the opinion that Plaintiff can sustain concentration and persistence for the length of time that regular employment would require.   This is a key issue for the Commissioner to evaluate on remand.

Although it appears that all of the medical source opinion evidence supports the inference that Plaintiff cannot sustain concentration and persistence for the length of time that regular employment would require, and none of the medical source opinion evidence supports a factual determination that Plaintiff can do so, this Court is not authorized to make factual determinations *de novo*.   The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited."   Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).   A court may not weigh the evidence or substitute its own findings for the Commissioner's.   *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.")   It is for the ALJ in the first instance to make the factual determination that Plaintiff does or does not have the residual functional capacity to sustain concentration and persistence for the length

6

of time that regular employment requires.   This is the key question for the ALJ on remand.

The Court therefore cannot ascertain whether the RFC at step four sufficiently reflects all of the claimant's impairments, as required by <u>Hess</u>.   The Court cannot ascertain whether the ALJ considered the question of whether Plaintiff can sustain attention, persistence, and pace sufficiently to work full time, nor can it ascertain whether the ALJ's findings at step three relate to – or perhaps, answer – this question.   On remand, the ALJ must fully develop the record and sufficiently explain the findings to allow meaningful judicial review.

The Court finds that the present decision does not contain sufficient development of the record and explanation to permit meaningful judicial review; pursuant to <u>Burnett</u>, the decision will be vacated and the case remanded for further proceedings in accordance with this decision.

                                                         s/ Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated: August 11, 2025